OPINION
Defendant-appellant Dale A. Oatess appeals his conviction and sentence entered by the Lancaster Municipal Court on one count of operating a motor vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At approximately 2:30 a.m. on March 24, 2001, Trooper Cvetan of the Ohio Highway Patrol initiated a traffic stop of appellant's vehicle after observing the vehicle travel left of center on two occasions and off the right edge of the road on two occasions. At the time of the stop, appellant was not wearing a seatbelt. Trooper Cvetan detected an odor of alcohol on and about appellant's person, and observed appellant's eyes to be red and glassy and his speech slurred. The trooper also noticed appellant was off balance when he exited his vehicle and that he swayed while standing and speaking with the trooper. Appellant admitted to drinking four or five beers. He refused to perform field sobriety tests.Trooper Cvetan arrested appellant and charged him with open container, driving under the influence of alcohol, no operator's license, and no seatbelt. Appellant ultimately entered a plea of no contest. The trial court found appellant guilty of OMVI and dismissed the remaining charges. The trial court memorialized appellant's conviction and sentenced him via Judgment Entry-Sentence of Court filed October 5, 2001.
It is from this conviction and sentence appellant appeals, raising the following assignment of error:
 ABUSE OF DISCRETION/LACK OF SUBJECT MATTER JURISDICTION TO PROCEED:
 ACCORDING TO BLACK'S LAW DICTIONARY, 5TH ED., P. 10, ABUSE OF DISCRETION IS SYNONYMOUS WITH A FAILURE TO EXERCISE A SOUND, REASONABLE AND LEGAL DISCRETION. ABUSE OF DISCRETION IS ALSO ANY UNREASONABLE, UNCONSCIONABLE AND ARBITRARY ACTION TAKEN WITHOUT PROPER CONSIDERATION OF FACTS AND LAW PERTAINING TO MATTER SUBMITTED.
 IN THIS CASE, THE LOWER COURT ABUSE ITS DISCRETION BY NOT CONSIDERING THE FACTS AND LAW PRESENTED REGARDING THE AUTHORITY OF THE LOWER COURT TO PROCEED AGAINST APPELLANT WITHOUT HAVING SUBJECT MATTER JURISDICTION.
 THE RECORD IN THIS CASE SHOWS THAT THERE WAS NO PROOF OF SUBJECT MATTER JURISDICTION BY THE PROSECUTION EVEN THOUGH PROPERLY CHALLENGED BY APPELLANT AND MANY QUESTIONS OF FACT OR LIABILITY WERE CONCLUSIVELY PRESUMED AGAINST APPELLANT.
 I. DID THE LOWER COURT HAVE SUBJECT MATTER JURISDICTION? NO.
 II. WAS APPELLANT CHARGE WITH VIOLATING A DULY ENACTED LAW? NO.
 I
Herein, appellant maintains the trial court lacked subject matter jurisdiction. We disagree. A municipal court has subject matter jurisdiction over criminal cases concerning the alleged commission of any misdemeanor within its territorial limits.[1] Appellant was charged with four misdemeanors which occurred in Berne Township, Fairfield County, Ohio. Said township lies within the jurisdiction of the Lancaster Municipal Court.[2] Because appellant was charged with misdemeanor offenses within the territorial limits of the Lancaster Municipal Court, said court had subject matter jurisdiction over the criminal complaints.
Appellant also asserts the trial court abused its discretion in proceeding against him because the statute under which he was convicted does not contain an enacting clause as required by Section 15(B), ArticleII, Ohio Constitution. Appellant contends, without the required enacting clauses, the statute is void; therefore, the trial court lacked subject matter jurisdiction.
The current version of R.C. 4511.19 resulted from the enactment of Senate Bill 22, effective May 17, 2000. As enacted by the Ohio State Legislature, the above stated Bill contains the words, "Be it enacted by the General Assembly of the State of Ohio". The law under which appellant was charged contains an enacting clause; therefore, it comports with the requirements of the Constitution of the State of Ohio, and is binding upon appellant.
Appellant further contends the statute at issue is invalid because it does not have a title. A review of Senate Bill 22 reveals the existence of a title "Criminal Procedure-Penalties Sentencing OMVI Offenses." The title is specific and addresses only one subject. The title clearly conveys the subject matter of the Bill, thereby informing the public of the actions of the legislature and rendering the legislature accountable for the law which they have made.
Finally, appellant argues the Ohio Revised Code is of unknown and uncertain origin. The Ohio Revised Code is a compilation of existing statutes. The General Assembly passed the entire code in House Bill 1, effective October 1, 1953. The code was properly enacted and signed into law and is neither an unknown nor uncertain authority.
Appellant's sole assignment of error is overruled.
The judgment of the Lancaster Municipal Court is affirmed.
By: HOFFMAN, P.J., GWIN, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court is affirmed. Costs assessed to appellant.
[1] R.C. 1901.20(A).
[2] R.C. 1901.02(B).